**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

WESLEY HUSKEY                                                                                     PLAINTIFF

V.                                       3:13CV00267-JJV

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Wesley Huskey, appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claims for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and for supplemental security income ("SSI") benefits under Title XVI of the Act.  For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.      BACKGROUND**

On December 1, 2010, Mr. Huskey protectively filed for DIB and SSI benefits due to a heart condition, depression, high blood pressure, and dizziness. (Tr. 143)  His claims were denied initially and upon reconsideration.  At Mr. Huskey's request, an Administrative Law Judge ("ALJ") held a hearing on August 8, 2012 where Mr. Huskey appeared with his lawyer. (Tr. 28)  At the hearing, the ALJ heard testimony from Mr. Huskey and a vocational expert ("VE"). (Tr. 29-52)

The ALJ issued a decision on August 28, 2012, finding that Mr. Huskey was not disabled under the Act. (Tr. 11-22)  The Appeals Council denied Mr. Huskey's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3)

Mr. Huskey, who was forty-five years old at the time of the hearing, has a sixth grade education. (Tr. 32-33)  He has past relevant work experience as a maintenance machine repairer.

(Tr. 48)

## II.   DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Mr. Huskey had not engaged in substantial gainful activity since October 6, 2010, and he had the following severe impairments: peripheral vascular disease and coronary artery disease.  (Tr. 13)  However, the ALJ found that Mr. Huskey did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 14)

According to the ALJ, Mr. Huskey has the residual functional capacity ("RFC") to do sedentary work, except that he could only occasionally climb ladders, scaffolds, ramps or stairs, and only occasionally balance, stoop, kneel, crouch or crawl.  He also was limited to employment where reading at the fourth grade level is sufficient. (Tr. 14)  The VE testified that the jobs available with these limitations were fishing reel assembler and inspecting work.  (Tr. 50)

After considering the VE's testimony, the ALJ determined that Mr. Huskey could perform a significant number of other jobs existing in the national economy, and found that Mr. Huskey was not disabled.

## III.   ANALYSIS

### A.   Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

substantial evidence in the record as a whole to support the decision.[3] Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion."[5]

**B.     Mr. Huskey's Arguments for Reversal**

Mr. Huskey asserts that the Commissioner's decision should be reversed because it is not supported by substantial evidence. Specifically, Mr. Huskey contends that the opinion is in error because the ALJ (1) failed to assess his peripheral artery disease, congestive heart failure, and coronary artery disease; (2) failed to assess his non-exertional limitations; and (3) failed to consider the VE's opinion. (Doc. No. 11)

      1.     Failure to Assess Listings

Mr. Huskey argues that the ALJ erred in not finding he met listings 4.00(A)(1)(b)(c), 4.00(B)(1-4), 4.00(D)(1)(a), and 4.00(G)(1) in 20 C.F.R. § 404(P), App. 1. (*Id.*) First, as the Commissioner correctly points out, Mr. Huskey does not cite to any listed impairments, but cites to the regulation's general description of the cardiovascular system. Nevertheless, to meet or equal a listing, he must prove that he met all of the specific medical criteria, and none of the alleged heart conditions meet the listings.[6] Mr. Huskey cited no evidence to support his position, and the ALJ's

---

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

[6]*Marciniak v. Shalala*, 49 F.3d 1350, 1353 (8th Cir. 1995).

determination was supported by substantial evidence.  For example, in February 2011, Mr. Huskey was encouraged exercise to preserve function, and a May 2011 echocardiogram revealed no significant issues with his heart. (Tr. 238, 427-429)  In December 2011 and June 2012, Mr. Huskey denied chest pain and shortness of breath and had a normal blood pressure readings.  (Tr. 387, 448)  Though it is "preferable that ALJs address a specific listing, failure to do so is not reversible error if the record supports the overall conclusion . . . ."[7]

The ALJ's opinion specifically addresses listings 4.11 (chronic venous insufficiency), which captures the scope of Mr. Huskey's impairments.  (Tr. 14)  Though the ALJ found that Mr. Huskey's peripheral vascular disease and coronary artery disease amounted to "severe" impairments, he concluded these impairments did not meet or equal a listing.  (Tr. 13, 15)

Listing 4.11 requires proof of chronic venous insufficiency of a lower extremity with incompetency or obstruction of the deep venous system and one of the following:

  A.   Extensive brawny edema (see 4.00G3) involving at least two-thirds of the leg between the ankle and knee or the distal one-third of the lower extremity between the ankle and hip, or;
  B.   Superficial varicosities, stasis dermatitis, and either recurrent ulceration or persistent ulceration that has not healed following at least 3 months of prescribed treatment.[8]

Although Mr. Huskey clearly suffers from some limitation, the treatment records do not support Mr. Huskey's contention that this impairment met or equaled a listing.

   2.   Non-exertional Limitations

Mr. Huskey argues that the ALJ failed to consider his non-exertional impairments of "chest pain, dyspnea on exertion, chronic pain in both legs, depression, fatigue, and obesity. (Doc. No. 11)

---

[7]*Pepper ex rel. Gardner v. Barnhart*, 342 F.3d 853, 855 (8th Cir. 2003).

[8]20 C.F.R. § 404(P), App. 1, § 4.11.

4

Though Mr. Huskey listed depression on his disability form, there is no evidence in the record that he sought treatment for his depression nor is he taking any depression medications.[9] Additionally, there are neither allegations nor medical records to support a finding that Mr. Huskey's obesity in any way limited his ability to work.[10] As for the other issues, the ALJ addressed each one, and consistent with the medical evidence, he concluded that sedentary work would accommodate Mr. Huskey's nonexertional impairments.

      3.      VE's Opinion

Mr. Huskey contends that the ALJ failed to give the VE hypotheticals that encompassed all of his limitations. (Doc. No. 11) To the contrary, the ALJ's hypothetical included all limitations he found credible. An ALJ need not include limitations for impairments that the he did not find credible.[11]

Mr. Huskey contends that the ALJ should have questioned the VE about a worker who could not stand or walk a total of two hours in a day and a worker who would need frequent breaks because of fatigue; both instances would eliminate any qualifying jobs. (Tr. 51) Contrary to Mr. Huskey's position, the ALJ properly recognized several factors to support his conclusion that Mr. Huskey was capable of sedentary work. As for Mr. Huskey's activities of daily living, he walks around and visits with neighbors, cooks meals every day, and does laundry and cleaning. (Tr. 161, 163) On his form, he did not indicate this sitting caused issues with his impairments. (Tr. 166) Mr. Huskey also

---

[9] *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir.2003) (An ALJ may weigh the credibility of a claimant's subjective complaints of pain by considering multiple factors, including whether or not the claimant seeks regular medical treatment.).

[10] *Thompson v. Astrue*, 226 Fed. Appx. 617, 620-21 (8th Cir. 2007) (ALJ did not err in discounting nonexertional impairment of obesity when a claimant "did not allege that his weight interfered with his ability to work.").

[11] *Howe v. Astrue*, 499 F.3d 835, 842 (8th Cir. 2007) (holding that a hypothetical "need only include impairments that are supported by the record and that the ALJ accepts as valid").

indicated that he could stand or walk for up to thirty minutes before experiencing any pain. (Tr. 178) In February 2011, his doctor encouraged him to exercise to preserve function. (Tr. 238) Additionally, a week after having stint surgery, Mr. Huskey was healthy enough to go fishing. (Tr. 433) The ALJ noted that "[a]lthough fishing and a disability are not necessarily mutually exclusive, the claimant's decision to go fishing tends to suggest that the alleged symptoms and limitations may have been overstated." (Tr. 19)

Additionally, the ALJ also noted that Mr. Huskey has not stopped smoking, even though the habit directly exacerbates his condition and he repeatedly has been advised to stop.[12] (Tr. 41-42, 229, 238, 379) In June 2012, he advised his doctors that he was not ready to quit smoking. (Tr. 449).

## IV.  CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision.

Accordingly, the Commissioner's decision is affirmed and Mr. Huskey's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 21st day of August, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[12]*Mouser v. Astrue*, 5454 F.3d 634, 638 (8th Cir. 2008) (holding that "there is no dispute that smoking has a direct impact on [claimant's] pulmonary impairments. Thus, the ALJ appropriately considered [his] failure to stop smoking in making his credibility determination.").